(596 P.2d 185)

No. 50,421

STATE OF KANSAS, *Appellee,* v. ELLIOTT GRIFFIN, *Appellant.*

Opinion filed June 15, 1979.

*Steven L. Opat,* public defender, of Junction City, for the appellant.

*Michael E. Francis,* County Attorney, and *Robert T. Stephan,* Attorney General, for the appellee.

Before SPENCER, P.J., SWINEHART and MEYER, JJ.

SPENCER, J.: Defendant was convicted of possession of heroin, K.S.A. 1978 Supp. 65-4127a.

On the afternoon of November 18, 1977, Junction City police officer Pastiva was informed by defendant's father that defendant had been in the father's place of business that morning, had pointed a handgun at him, and had threatened to kill him. The senior Griffin also gave Pastiva a description and the tag number of the car in which defendant had left the premises. Less than one hour later the officer found the car, in which defendant was then a passenger, as it was pulling into a parking space. The car had

been voluntarily stopped and the officer approached and asked the driver for his license. Defendant got out of the car on the passenger's side and Pastiva went around and frisked him. Finding no weapon on defendant's person, the officer entered the vehicle, felt under the front seat, and found a .22 caliber handgun on the passenger side of the automobile. Defendant was placed under arrest for possession of a firearm, in violation of a city ordinance. During booking procedures at police headquarters and while an inventory of defendant's personal effects was being made, eight balloons suspected of containing opiates were discovered in defendant's coat. Charges were filed alleging possession of opiates and aggravated assault. No charge was made under the city ordinance and, subsequently, the aggravated assault charge was dismissed.

It is argued that the court erred in the denial of defendant's motion to suppress evidence. Defendant reasons that, without the evidence seized in the search of the automobile, there would have been no authority for the arrest and, had there been no arrest, defendant would not have been subject to a personal effects inventory which resulted in discovery of the heroin on his person.

Under the Fourth and Fourteenth Amendments to the United States Constitution, searches conducted without warrants are per se unreasonable, subject only to a few specifically established and well-delineated exceptions. *State v. Clark,* 218 Kan. 726, 730, 544 P.2d 1372, *cert. denied* 426 U.S. 939 (1976); *State v. Schur,* 217 Kan. 741, Syl. ¶ 1, 538 P.2d 689 (1975). One such exception was established in *Carroll v. United States,* 267 U.S. 132, 69 L.Ed. 543, 45 S.Ct. 280 (1925), where it was held that automobiles, because of their highly moveable nature, may be searched whenever the officer has probable cause to believe the vehicle contains items that the officer is entitled to seize. The authority to search does not necessarily depend upon the right to arrest the driver or the occupants. *State v. Mall,* 216 Kan. 287, 532 P.2d 1048 (1975); *State v. McCollum,* 211 Kan. 631, 507 P.2d 196 (1973); *State v. Robinson,* 203 Kan. 304, 454 P.2d 527 (1969). Nor does the authority to arrest necessarily depend upon the right to search, for even if the search was impermissible and the evidence seized as a result of the search is suppressed, the validity of the arrest stands separate and apart from the validity of the seizure. See *State v. Stewart,* 225 Kan. 410, 591 P.2d 166 (1979).

The trial court found there was insufficient time to obtain a search warrant; the vehicle was capable of being moved in a matter of seconds; there was probable cause to search for the firearm based upon information previously given the police; on finding the weapon, there was probable cause to arrest defendant for unlawful possession of that firearm; and the subsequent inventory of defendant's personal effects was proper.

Our review of the record reveals substantial competent evidence to support the findings of probable cause, not only to search for the weapon with which defendant allegedly threatened his father, but also for the arrest of defendant. See *State v. Johnson,* 223 Kan. 185, 573 P.2d 595 (1977); *State v. Brocato,* 222 Kan. 201, 563 P.2d 470 (1977); *State v. Barnes,* 220 Kan. 25, 551 P.2d 815 (1976); *State v. Curtis,* 217 Kan. 717, 538 P.2d 1383 (1975). It follows that the inventory of defendant's personal effects at police headquarters, which resulted in discovery of heroin on his person, was proper.

Following the motion to suppress, defendant filed an affidavit of prejudice seeking to disqualify the trial judge. Arguments were presented to the administrative judge who ruled the affidavit insufficient.

In determining whether to disqualify a trial judge for bias or prejudice, the hearing judge is to determine whether the affidavit states facts sufficient to create a fairly supportable belief that a fair trial cannot be had due to that bias or prejudice. Referral to the adverse decision at the hearing in this case is alone not enough. The allegation as to a prior proceeding before the same judge in and of itself is not enough and stands on the same footing as a prior adverse ruling. See *Oswald v. State,* 221 Kan. 625, 561 P.2d 838 (1977); *Hulme v. Woleslagel,* 208 Kan. 385, 493 P.2d 541 (1972); *Schoonover v. State,* 2 Kan. App. 2d 481, 582 P.2d 292, *rev. denied* 224 Kan. clxxxviii (1978). Defendant's assertion of error on this point is without merit.

Defendant filed a motion to dismiss based upon the allegation that the ordinance under which he was arrested is unconstitutional. The ordinance was before the Supreme Court in *City of Junction City v. Lee,* 216 Kan. 495, 532 P.2d 1292 (1975), and its validity was upheld. We are advised that the ordinance has since been declared unconstitutional by the District Court of Geary County on grounds and for reasons not presented or considered

in *City of Junction City v. Lee.* In any event, the State takes the position that constitutionality of the ordinance is not material and we agree. Defendant is not here charged with a violation of the ordinance, and the initial arrest under the ordinance as it then existed is not rendered invalid absent some showing that the police officials lacked a good faith belief in the validity of the ordinance at the time the arrest was made. *United States v. Kilgen,* 445 F.2d 287 (5th Cir. 1971). There has been no such showing and this point is without merit.

Trial of this cause was delayed due to a fire in the district court annex. A newspaper article appeared on the date of the trial which noted the likelihood of arson and which contained references to this case. The court found the article would have a prejudicial effect if known to the jury. Defendant moved for mistrial or, in the alternative, for sequestration of the jury. He raised the possibility of an instruction not to read the article but stated that would be like waving a red flag in front of the jury. The court elected to instruct the jury not to read the paper, listen to newscasts, or discuss the case with others. The jury was similarly instructed at the evening recess. The following morning, the court inquired as to whether any member of the jury had been unable to follow the instructions, to which inquiry the jury remained silent.

Nothing appears in the record to indicate this case had much notoriety, nor does it appear that newspaper accounts were massive, pervasive, or disruptive of the proceedings. Under the circumstances, cautionary instructions are deemed sufficient. See *State v. Stewart,* 219 Kan. 523, 548 P.2d 787 (1976).

Declaring a mistrial pursuant to K.S.A. 22-3423 is largely within the discretion of the trial court. Absent a clear showing of abuse, the decision of the trial court denying motion for mistrial will not be set aside on appeal. *State v. McQueen & Hardyway,* 224 Kan. 420, 582 P.2d 251 (1978); *State v. Henson,* 221 Kan. 635, 562 P.2d 51 (1977); *State v. Wilson & Wentworth,* 221 Kan. 359, 559 P.2d 374 (1977). We find no showing of prejudice and no abuse of discretion.

Defendant contends it was error not to grant probation and not to impose the minimum sentence. Suffice it to say that the granting of probation is exclusively a function of the trial court and a decision denying probation is not subject to review on appeal. *State v. Adams,* 218 Kan. 495, 545 P.2d 1134 (1976); *State v. Benson,* 207 Kan. 453, 485 P.2d 1266 (1971). Furthermore, a

sentence imposed by the trial court will not be set aside on appeal if it is within the statutory limits, unless it is so arbitrary and unreasonable that it constitutes an abuse of judicial discretion. *State v. Coe,* 223 Kan. 153, 574 P.2d 929 (1977); *State v. Buckner,* 223 Kan. 138, 574 P.2d 918 (1977); *State v. Steward,* 219 Kan. 256, 547 P.2d 773 (1976).

One final issue remains for consideration. After filing a motion for new trial, defendant's counsel, in the presence of other counsel, conversed with one of the jurors. Based on that conversation and that juror's reluctance to communicate further with counsel, defendant sought permission to subpoena certain jurors per Supreme Court Rule No. 181 (224 Kan. lxxiv) in support of grounds set forth in his motion. In his argument to the trial judge, defendant's counsel stated there was reason to believe that one or more of the jurors had violated the limiting instruction of the court regarding the newspaper article. It is stated that it was desired to "ascertain, individually" whether any of the jurors had read the news item concerning the fire, whether they knew of its existence, and whether the matter was discussed in the jury room.

The matters about which defendant sought to inquire are relevant and inquiry into these and like matters are not proscribed by K.S.A. 60-441. It is only in this manner that defendant might show he was denied a fair trial because of jury misconduct. The trial court had already found the article could have been prejudicial if known to the jurors. When the jurors were polled, one juror initially stated it was not his verdict, but when questioned by the court he responded that, under the circumstances, it was his verdict. When inquiry was made as to whether any member of the jury had been unable to follow the directions of the court with respect to the article, there was only silence which was taken to mean that each had done so. The inquiry sought under these circumstances should have been allowed and it was an abuse of discretion to deny the request of defendant's counsel to interview the jurors. *State v. McDonald,* 222 Kan. 494, 565 P.2d 267 (1977); *State v. Stewart,* 219 Kan. 523.

The order of the trial court overruling the motion for new trial is vacated and this cause is remanded with directions to grant counsel for the defendant leave to interview the trial jurors and to present relevant evidence, if any, upon the hearing of the motion for new trial. In all other respects, the judgment of the district court is affirmed.