698 P.2d 902

**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Donnie SHAFER and H.D. Berry,**
**Defendants-Appellants.**

**No. 7631.**

Court of Appeals of New Mexico.

Feb. 21, 1985.

Certiorari Denied April 18, 1985.

Paul G. Bardacke, Atty. Gen., William Lazar, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Fred Boone, Portales, Winston Roberts-Hohl, Santa Fe, for defendants-appellants.

## OPINION

DONNELLY, Chief Judge.

Defendants each appeal from convictions on four felony charges: three counts of unlawful offer to sell or sale of an unregistered security in New Mexico, contrary to NMSA 1978, Section 58–13–4 (Cum.Supp. 1983), and one count of conspiracy, contrary to NMSA 1978, Section 30–28–2 (Repl.Pamp.1984).

Seven allegations of error are raised on appeal. We discuss: (1) failure to take judicial notice; (2) claim of error as to jury instructions; (3) scope of cross-examination; (4) claim of cumulative error; and (5) propriety of sentences. Other issues listed in the docketing statement but not briefed are deemed abandoned. *State v. Chavez,* 100 N.M. 730, 676 P.2d 257 (Ct.App.1983), *cert. quashed,* 100 N.M. 689, 675 P.2d 421 (1984). Affirmed in part and reversed in part.

Defendants Shafer and Berry, along with S. Stewart Shelton, incorporated SBS Development, Inc., a Texas corporation. The corporation sought to develop and sell corporate securities allegedly to develop a perpetual motion machine which would generate electricity. Texas counsel assisted in the incorporation.

Three New Mexicans, Manuel Quintana, Ken White, Jr., and Bryon Fillpot, viewed a demonstration of the machine in New Mexico. Defendants Berry and Shafer, together with Bobby Shiplett, an incorporator of SBS Development, Inc., and one of the designers of the machine were present. Defendants discussed the prospects for the machine and the purchase of corporate stock with Quintana, White, and Fillpot. Following the demonstration Quintana contacted Shiplett about purchasing shares of stock in SBS. Ken White, Jr., a commodities broker in Clovis, was contacted by one of defendants' employees who attempted to sell him stock in the corporation. Neither White nor Fillpot purchased stock in SBS.

Defendants testified that it was their understanding, following consultation with an attorney in Texas, that their actions would not constitute violations of the New Mexico criminal or securities laws if all of the sales of the corporate stock of SBS took place in Texas or if the stock qualified for exemptions. Defendants stated that all of the transactions involving sales of corporate stock were set up so that investors' checks would be sent to Texas and the stock would be issued in Texas.

Following a jury trial, defendants were convicted of three counts of unlawful offer to sell or sale of unregistered securities and one count of conspiracy based on defendants' activities in New Mexico. De-

fendants were acquitted of charges of fraud and offering to sell or sale of securities not registered in New Mexico to Pete Ross.

## I. JUDICIAL NOTICE

■ Defendants made photocopies of a portion of Texas securities law (Tex.Rev. Civ.Stat.Ann. art. 581–5 (Vernon 1964)), and requested that the trial court take judicial notice of them. The trial court denied judicial notice of the statute because the copies were not properly authenticated. *See State v. McDonald,* 222 Kan. 494, 565 P.2d 267 (1977); *see also State v. Ramirez,* 89 N.M. 635, 556 P.2d 43 (Ct.App.1976), *overruled on other grounds, Sells v. State,* 98 N.M. 786, 653 P.2d 162 (1982). The portion of the exhibit offered does not contain the introductory paragraph of the statute. The exhibit was also confusing. Judicial notice of a law which is incomplete or confusing is properly refused. *Eg. State v. Kraul,* 90 N.M. 314, 563 P.2d 108 (Ct.App.), *cert. denied,* 90 N.M. 637, 567 P.2d 486 (1977) (confusing jury instruction properly refused); *see also* NMSA 1978, Evid.R. 201 (Repl.Pamp.1983).

Defendants also argue that the court's refusal to take judicial notice of the statute was an abuse of discretion because their Texas counsel told them that they had complied with Texas law as long as the securities were sold in Texas.

■ New Mexico follows the rule that good faith reliance on the advice of counsel is not a defense to a charge of selling unregistered securities. *State v. Sheets,* 94 N.M. 356, 610 P.2d 760 (Ct.App.), *cert. denied,* 94 N.M. 675, 615 P.2d 992 (1980); *see also People v. Terranova,* 38 Colo.App. 476, 563 P.2d 363 (1977); *People v. Clem,* 39 Cal.App.3d 539, 114 Cal.Rptr. 359 (1974). This is so because scienter is not an element of the crime of offering to sell or selling unregistered securities. *State v. Sheets; See also* Section 58–13–4.

■ Reliance on an attorney's advice is not a defense to the crime of selling or offering to sell unregistered securities.

Thus, the accuracy of the advice given to defendants by Texas counsel relying upon Texas law is irrelevant. The court in *State v. Sheets,* held that the sale of unregistered securities is not a crime requiring proof of specific intent. All that is required is a willful or purposeful act of offering to sell or selling an unregistered security. The state is only required to prove that the defendant acted intentionally in the sense that he was aware of what he was doing. *State v. Sheets; see also People v. Clem.*

## II. JURY INSTRUCTIONS

■ (a) Defendants requested an instruction that Berry believed he was selling his own personal stock and hence was not generally offering to sell or selling stock. There was no evidence that any of the transactions for which defendants were in fact actually convicted related to any of Berry's personal stock in SBS. A defendant is not entitled to a defense instruction if there is no evidence to support it, *see State v. Branchal,* 101 N.M. 498, 684 P.2d 1163 (Ct.App.1984), or if the counts upon which he was convicted did not relate to the matters embraced in the proffered instruction.

■ (b) The trial court refused to give defendants' requested instruction that New Mexico was required to give full faith and credit to the laws of Texas. Defendants claim that the exemptions specified under Texas securities laws should have been applied in the instant case and Texas laws should be given full faith and credit. The fact that some of the steps leading up to the sale of securities took place in Texas does not mean that Texas law governs or is controlling under the facts of this case. *Cf. People v. Sears,* 138 Cal.App.2d 773, 292 P.2d 663 (1956) (California securities law applied although payment for Nevada corporation stock was mailed to corporate agent in Nevada). New Mexico prohibits offering unregistered securities for sale within this state including every attempt to sell or solicit offers to buy securities. NMSA 1978, § 58–13–2(D) (Repl.Pamp. 1984).

■ (c) Defendants also requested a defense instruction that they believed they had engaged in sales or solicitations of securities only in Texas. The trial judge correctly denied the requested instruction. Defendants' understanding or belief concerning the propriety of their acts went to their knowledge or intent. Knowledge or intent is not an element of a charge of soliciting to sell or selling unregistered securities under New Mexico law. All that is necessary is a willful act of selling or offering to sell an unregistered security that is required to be registered in this state. Mistake of fact is not a defense. *Cf. State v. Fuentes*, 91 N.M. 554, 577 P.2d 452 (Ct.App.), *cert. denied*, 91 N.M. 610, 577 P.2d 1256 (1978) (mistake of fact is not a defense where criminal intent is not an element of the offense).

(d) The trial court refused defendants' requested instruction that isolated transactions, pledges, and sales, where the number of securities holders does not exceed twenty-five, are exempt from the securities laws.

NMSA 1978, Section 58–13–30 (Cum. Supp.1982) states:

Except as expressly provided in this section * * * Sections 58–13–4 through 58–13–28 NMSA 1978 do not apply to:

A. any isolated transaction, whether effected through a broker-dealer or not;

\* \* \* \* \* \*

G. any transaction executed by a bona fide pledgee without any purpose of evading the Securities Act of New Mexico;

\* \* \* \* \* \*

J. the issuance and sale by any corporation organized under the laws of this state of its securities at a time when the number of security holders does not, and will not, in consequence of the sale exceed twenty-five and:

(1) the seller reasonably believes that all buyers are purchasing for investment; and

(2) no commission or other remuneration is paid or given directly or indirectly for soliciting any prospective buyer * * *

■ Defendants initially contend that there was evidence that all of the transactions resulting in their convictions were isolated within the meaning of Section 58–13–30(A). An isolated transaction under this section is one that is "unique; occurring alone or once; sporadic, not likely to recur." *See State v. Sheets*, 94 N.M. at 365, 610 P.2d at 769 (quoting *Besser Co. v. Bureau of Revenue*, 74 N.M. 377, 394 P.2d 141 (1964)). The record shows no isolated transaction regarding the sale or offer to sell securities. *See Nelson v. State*, 355 P.2d 413 (Okl.App.1960). Instead the evidence shows that between June and December of 1982, over $150,000 worth of stock in the corporation was sold. Of the twenty-three sales of stock listed on the corporation's books, seven took place in New Mexico.

■ Defendants do not argue that any transaction involving the offenses for which they were convicted pertained to a bona fide pledgee. The instructions containing this exemption would have therefore injected an incorrect issue into the case and were properly refused as confusing and partially incorrect. *See State v. Stettheimer*, 94 N.M. 149, 607 P.2d 1167 (Ct.App.1980); *see also State v. DeSantos*, 89 N.M. 458, 553 P.2d 1265 (1976).

■ The exemptions provided for in Section 58–13–30(J) (number of securities holders does not exceed twenty-five) require a sale by a corporation organized under the laws of this state. SBS Development, Inc. was organized under the laws of Texas. Thus, the instruction on this exemption under New Mexico law was properly refused.

■ Defendants claim that the trial court's refusal to apply Section 58–13–30(J) to their case conflicts with the commerce clause of the federal constitution. This argument, however, was not raised in the trial court. *See State v. Casteneda*, 97 N.M. 670, 642 P.2d 1129 (1982). A party

objecting to an instruction has the burden to provide a record sufficient to demonstrate reversible error in refusing the instruction. *State v. Gonzales,* 97 N.M. 607, 642 P.2d 210 (Ct.App.1982). Moreover, the argument is without merit. We find no constitutional infirmity in the statute. *People v. Sears.*

NMSA 1978, Section 58–13–44 (Repl. Pamp.1984) provides that, "[i]n any action, civil or criminal, where a defense is based upon any exemption provided for in the Securities Act ... the burden of proving the existence of such exemption shall be upon the party raising such defense." Defendants contend that to the extent Section 58–13–44 places the burden of proof on defendants to prove an exemption, it is unconstitutional under *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). We need not address defendants' constitutional issue. The jury was not instructed that defendants had the burden of proving an exemption.

█ (e) Defendants also appeal the trial court's denial of their instruction which defined the term "sale," as it is defined in the Uniform Commercial Code, NMSA 1978, Sections 55–2–106, –401 (passing title to the buyer from the seller at the time and place the seller completes his performance by physically delivering the goods). The trial court's ruling was proper because the New Mexico Securities Act contains its own definition of sales. Section 58–13–2(F) (sale equals disposition of a security for value). The latter act is controlling as to the proper definition.

█ Defendants urge that the definition under the Act is incomplete because it does not define when and where a sale occurs. We disagree. Although defendants' defense below relied upon the fact that completed sales occurred only in Texas, this defense was inapplicable to the charges in the indictment which included offers, attempts and solicitations to sell. Sections 58–13–2(D), –4. The jury was not required to be instructed on the laws specifying when sales of securities are deemed to have been completed because completed sales were not a necessary element of any of the crimes for which they were convicted. Section 58–13–4.

The trial court did not err in refusing defendants' proffered instructions.

### III. CROSS–EXAMINATION OF WITNESSES

During the state's case-in-chief, the trial court restricted defendants' cross-examination of two witnesses, Donna Carll and Lyle Stevens. Defendants contend that the court's restrictions constitute prejudicial error.

█ Defense counsel first wished to cross-examine Carll, who worked for defendants, using notes his secretary took during an interview he had with Carll. Following objection and some argument, defense counsel stated that he would withdraw the line of questioning at that time and take it up later. Error may not be predicated on this incident because defendants abandoned any further attempt to cross-examine along these lines. *Cf. State v. Bojorquez,* 88 N.M. 154, 538 P.2d 796 (Ct.App.), *cert. denied,* 88 N.M. 318, 540 P.2d 248 (1975) (defense counsel could not claim error based on exclusion of witnesses if he voluntarily abandoned calling them as witnesses at trial).

█ Next, defense counsel wished to cross-examine Carll using an affidavit for a search warrant written by Detective Stevens, which included statements made by Carll to Stevens. The court would not allow the defense to use the affidavit of Stevens to impeach Carll. However, following explanation by co-counsel that defense counsel only wanted to use the affidavit to keep his questions within the proper framework, the court allowed defense counsel to question the witness about her prior statements but did not allow him to use the affidavit to impeach her testimony. The trial court ruled that because the affidavit was prepared by Detective Stevens, according to his perception of what Carll said to him, it could not be used to test the truthfulness of Carll's testimony at trial.

"The credibility of a witness may be impeached through introduction of a prior inconsistent statement, either oral or written, which has been made by the witness himself [citations omitted]. Ordinarily, a statement made by a third person may not be used for this purpose unless the testifying witness has adopted the statement in some manner as his own." *State v. Udin,* 419 A.2d 251, 260–61 (R.I.1980). There is no evidence that Carll adopted Stevens' affidavit as her own statement. Therefore, the trial court properly denied the use of the affidavit to impeach Carll.

■■■ During the cross-examination of Detective Stevens, the defense asked him to disclose the identity of the informant who supplied the necessary information for a warrant in the case. The court said that a motion to disclose the name of the informant should have been made prior to trial and the court would not waste trial time with matters which should have been taken up earlier. Error may not be grounded upon the trial court's refusal to order disclosure of information where defendants, by their failure to comply with NMSA 1978, Crim.P.Rule 33(e) (Repl.Pamp.1980), failed to timely request disclosure of the information.

■■■ Finally, defendants complain that the court would not allow them to ask Stevens detailed questions about each particular buyer of stock. The state objected on grounds of hearsay. Co-counsel for defendants explained that this evidence was not offered for the truth. Rather, it was offered to show Stevens' bias—that he still pursued the criminal charges against defendants despite the fact that the victims testified that they did not believe they had been defrauded. The court told defense counsel to ask the question which would show bias without going into detail. It was proper for the court to reasonably control the interrogation to avoid needless consumption of time. NMSA 1978, Evid.R. 611(a) (Repl.Pamp.1983). Defendants abandoned their effort to prove Stevens' bias with this evidence and thus have waived their right to appeal this issue. *See State v. Bojorquez.*

## IV. CLAIM OF CUMULATIVE ERROR

■■■ Defendants assert that the trial court's refusal to take judicial notice of the Texas securities laws, the refusal of proffered instructions, and refusal to allow defendants to rely upon the defense of mistake of fact, together with the other claims raised as error on appeal, amounted to cumulative error. We find no error in the rulings of the trial court. Where there is no error, there is no cumulative error. *State v. McGuinty,* 97 N.M. 360, 639 P.2d 1214 (Ct.App.1982).

## V. PROPRIETY OF SENTENCES

Defendants were each convicted of three counts of the unlawful offer to sell or sale of a security not registered in New Mexico (Counts II, IV, and VI) and one count of conspiracy (Count IX). The trial court judgment stated that the three counts of unlawful offer to sell or sale of unregistered securities each constituted a third degree felony. The conspiracy charge constituted a fourth degree felony. The judgment, as entered, further provided as to each defendant:

Defendant is hereby found and adjudged guilty and convicted of said crimes, and is sentenced to be imprisoned by the Corrections Division of the Criminal Justice Department for a term of three (3) years on Count II, three (3) years on Count IV, three (3) years on Count VI, and eighteen (18) months on Count IX, all to run concurrently, one to the others.

Execution of sentence is hereby suspended, and Defendant is ordered placed on probation for a period of five (5) years under the terms and conditions of [a probation order] * * *

■■■ Defendants contend that the sentences imposed were not in accord with the provisions of applicable statutes. A trial court has no jurisdiction to impose a sentence except in accordance with the law.

*State v. Crespin,* 96 N.M. 640, 633 P.2d 1238 (Ct.App.1981).

The unlawful sales or solicitation offenses for which defendants were convicted are not contained in the Criminal Code. They are set out in the Securities Act of New Mexico: "It is a felony * * * to offer or sell any [unregistered] security in this state." Section 58–13–4. A separate provision of the Securities Act specifies, "Any person who willfully violates any provision of Sections 58–13–1 through 58–13–44 NMSA 1978 * * * shall upon conviction be fined not more than five thousand dollars ($5,000) or imprisoned not more than three years, or both * * *." NMSA 1978, § 58–13–43 (Repl.Pamp.1984).

The trial court interpreted the penalty for violation of Section 58–13–4 of the Securities Act to constitute a third degree felony. Defendants argue that the lower court erred in this interpretation because the Securities Act does not declare such offenses to constitute any degree of felony.

▮▮▮▮▮ Further, defendants assert that Section 31–18–13(B) requires that in imposing a sentence for a crime not contained in the Criminal Code, the trial court "shall set as a definite term of imprisonment the minimum term prescribed by such statute * * and may impose the fine prescribed by such statute * * * for the particular crime for which such person was convicted." *See* § 31–18–13(B). Defendants contend that since no minimum term is specified by statute for violation of the Securities Act, the minimum time should be construed to be one day. We disagree. Statutes must be construed according to the purpose for which they were enacted, *Tijerina v. Baker,* 78 N.M. 770, 438 P.2d 514 (1968), and a court will not adopt a construction which leads to absurd or unreasonable results. *State v. Trujillo,* 85 N.M. 208, 510 P.2d 1079 (Ct.App.1973).

The state argues that because a violation of Section 58–13–4 of the New Mexico Securities Act is declared to be a felony without degree, the offense should be construed to constitute a fourth degree felony under NMSA 1978, Section 31–18–13(C) (Repl.Pamp.1981). Subsection C of Section 31–18–13 states:

C. A crime declared to be a felony by the constitution or a statute not contained in the Criminal Code, without specification of the sentence or fine to be imposed on conviction, shall constitute a fourth degree felony as prescribed under the Criminal Code for the purpose of the sentence and the defendant shall be so sentenced.

We agree with the state's argument.

In 1977 the legislature enacted the Criminal Sentencing Act. 1977 N.M.Laws ch. 216. It replaced existing sentencing laws with definite sentencing laws. Under determinate sentencing, a trial judge is required to impose a sentence for a specific period as specified by statute. Comment, *Definite Sentencing in New Mexico: The 1977 Criminal Sentencing Act,* 9 N.M.L. Rev. 131 (1978). The Criminal Sentencing Act applies to all criminal convictions unless otherwise provided in the Act. Section 31–18–13(A).

▮▮▮▮▮ In light of the adoption of the Criminal Sentencing Act providing for determinate sentencing, we construe Section 58–13–4 of the Securities Act to be governed by the provisions of Section 31–18–13 of the Criminal Sentencing Act so that each of the defendants' convictions under Counts II, IV and VI of the indictment charging violations of the Securities Act, constitute a fourth degree felony, not a third degree felony. *See e.g. Sneed v. Cox,* 74 N.M. 659, 397 P.2d 308 (1964); *see also* NMSA 1978, § 30–1–6(A) (Repl.Pamp.1984). Therefore, that portion of the sentences in excess of what the law permits is null and void and is reversed. *Sneed v. Cox.*

Defendants next challenge their convictions of conspiracy. Section 30–28–2 provides in relevant part:

A. Conspiracy consists of knowingly combining with another for the purpose of committing a felony within or without this state.

B. Whoever commits conspiracy shall be punished as follows:

\* \* \* \* \* \*

(3) if the highest crime conspired to be committed is a third degree felony or a fourth degree felony, the person committing such conspiracy is guilty of a fourth degree felony.

We interpret Section 30–28–2 to apply to conspiracies to commit crimes whether they are contained in the Criminal Code or are found elsewhere in the New Mexico statutes (*i.e.*, Securities Act). Hence, defendants, upon their convictions on Count IX of the indictment (conspiracy to engage in unlawful and fraudulent practices in connection with an offer, sale or purchase of a security or to offer for sale or to sell a security within this state), were guilty of a fourth degree felony. Section 30–28–2(B)(3).

Defendants' convictions are affirmed. We remand to the district court for resentencing on Counts II, IV and VI of the indictment.

**IT IS SO ORDERED.**

ALARID and MINZNER, JJ., concur.