858 P.2d 860

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Steve MENDOZA, and Alonzo Jaramillo,
Defendants–Appellants.**

**Nos. 13762, 13732.**

Court of Appeals of New Mexico.

Feb. 24, 1993.

Certiorari Denied April 5, 1993.

Tom Udall, Atty. Gen., Katherine Zinn, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Sammy J. Quintana, Chief Public Defender, Christopher Bulman, Asst. Appellate Defender, Santa Fe, for defendants-appellants.

## OPINION

BIVINS, Judge.

The court's opinion filed January 21, 1993, is hereby withdrawn and the following substituted therefor.

Defendants appeal sentences imposing imprisonment for violation of certain sections of the Motor Vehicle Code. They contend the sentences are unauthorized and are, therefore, void. We hold that the sentences are authorized and affirm.

Defendant Mendoza pled guilty in metropolitan court to driving without insurance and was sentenced to thirty days imprisonment on that charge. Defendant Jaramillo pled guilty in metropolitan court to driving without a driver's license and was sentenced to ninety days imprisonment. Both Defendants appealed their sentences to district court. The sentences were upheld in district court and Defendants appealed to this court. The sole issue on appeal is whether NMSA 1978, Section 66–8–7(B) (Cum.Supp.1992), prescribed a minimum term of imprisonment which should have been imposed as the proper sentence pursuant to the requirements of NMSA 1978, Section 31–18–13(B) (Repl.Pamp.1990).

■ Section 66–8–7(B) reads as follows:

Unless another penalty is specified in the Motor Vehicle Code, every person convicted of a misdemeanor for violation of any provision of the Motor Vehicle Code shall be punished by a fine of not more than three hundred dollars ($300) or by imprisonment for not more than ninety days or both.

Defendants contend that this Section, on its face, sets out minimum and maximum terms of imprisonment, a minimum of zero days and a maximum of ninety days. Defendants then argue that, because this Section sets out minimum and maximum terms of imprisonment, the mandate of Section 31–18–13(B) must be followed. Section 31–18–13(B) requires that whenever a defendant is convicted of a crime under a statute not contained in the Criminal Code, which specifies the penalty to be imposed on conviction, the court shall set as a definite term of imprisonment the minimum term prescribed by such statute. *See State v. Greyeyes*, 105 N.M. 549, 552–53, 734 P.2d 789, 792–93 (Ct.App.), *cert. denied*, 105 N.M. 521, 734 P.2d 761 (1987). Defendants argue that pursuant to this statute, they should have been sentenced to no imprisonment since the minimum term prescribed by Section 66–8–7(B) is zero days.

This argument, of course, is based on the premise that the statute setting the penalty at "not more than ninety days" states a minimum. This Court has previously stated that where no minimum sentence has been specifically stated, we will not construe a statute to include one. *See State v. Shafer*, 102 N.M. 629, 636–37, 698 P.2d 902, 909–10 (Ct.App.) (Section 31–18–13(B) did not require a determinate sentence of one day where charging statute imposed no minimum), *cert. denied*, 102 N.M. 613, 698 P.2d 886 (1985). This Court does not read words into a statute unless they are necessary to make the statute conform to the obvious intent of the legislature. *See State v. Pendley*, 92 N.M. 658, 662–63, 593 P.2d 755, 759–60 (Ct.App.1979). Here, we cannot say that the obvious intent of the legislature was to impose a minimum sentence of zero days of imprisonment. As was the case in *Shafer*, the statute simply does not contain a minimum term. We do not believe the statute is ambiguous or uncertain. Therefore, no construction is required. *See State v. Mobbley*, 98 N.M. 557, 558, 650 P.2d 841, 842 (Ct.App.), *cert. denied*, 98 N.M. 590, 651 P.2d 636 (1982). The plain meaning of the statute indicates no minimum term of imprisonment, only a maximum term. Because no minimum is stated, Section 31–18–13(B) is not the appropriate section for determining the propriety of the sentence.

■ The State argues that Section 31–18–13(D) is the applicable statute in this case. We believe that *Shafer* supports this argument. In *Shafer*, the defendant was convicted of unlawful sales of securities, a crime not contained in the Criminal Code. The statute setting out the offense declared it a felony and provided a penalty of imprisonment for not more than three years. This Court determined that Section 31–18–13(C) applied because the offense had been declared a felony and was without a specification of the sentence to be imposed on conviction. *Shafer*, 102 N.M. at 637, 698 P.2d at 910.

Using the same analysis, we construe Section 66–8–7(B) to be governed by the provisions of Section 31–18–13(D). The crimes of driving without insurance and driving without a driver's license are not contained in the Criminal Code, but are violations of the Motor Vehicle Code. The penalty for these violations under the Motor Vehicle Code is found in Section 66–8–7(B), which provides for imprisonment for not more than ninety days. The violations are not declared to be felonies. Since they are not declared felonies and are not punishable by a specified sentence, Section 31–18–13(D) applies. For the purpose of sentencing under Subsection D, the violations constitute petty misdemeanors.

■ Defendants point to the fact that Section 31–18–13(D) refers to "petty misdemeanors" whereas the motor vehicle statutes expressly make the provisions which they were convicted of violating "misdemeanors." Defendants contend this difference in terminology establishes that Section 31–18–13(D) cannot be the applicable statute. We disagree. We are to read legislation as a harmonious whole. *See Grudzina v. New Mexico Youth Diagnostic & Dev. Ctr.*, 104 N.M. 576, 583, 725 P.2d 255, 262 (Ct.App.), *cert. quashed*, 104 N.M. 460, 722 P.2d 1182 (1986). Section 31–18–13(D) states that the crimes to which it applies are petty misdemeanors "for the purpose of the sentence." Thus, the fact that Section 66–8–7(B) refers to the violations of the Motor Vehicle Code at issue here as misdemeanors does not make Section 31–18–13(D) inapplicable.

■ The sentencing authority for petty misdemeanors is set out in NMSA 1978, Section 31–19–1(B) (Repl.Pamp.1990). It provides for imprisonment in the county jail for a definite term not to exceed six months. The sentences imposed on Defendants here fall within this mandate as well as within the specific mandate of Section 66–8–7(B). We express no opinion on cases arising in the future that might fall outside these mandates.

■ Defendant Mendoza's claim that the district court relied on erroneous conclusions of law in upholding the sentence need not be addressed. Even if we were to agree with Defendant, it would avail him nothing since the sentence imposed was proper. *See State v. Beachum*, 83 N.M. 526, 527, 494 P.2d 188, 189 (Ct.App.1972) (a decision of the trial court will be upheld on appeal if it is right for any reason).

Defendant Jaramillo's sentence of ninety days imprisonment and Defendant Mendoza's sentence of thirty days imprisonment are authorized by statute. The sentences are affirmed.

**IT IS SO ORDERED.**

CHAVEZ and PICKARD, JJ., concur.