854 P.2d 878

**STATE of New Mexico,**
**Plaintiff–Appellee,**

v.

**Anthony GUTIERREZ, Defendant–**
**Appellant.**

**No. 14485.**

Court of Appeals of New Mexico.

May 3, 1993.

Certiorari Denied June 17, 1993.

Tom Udall, Atty. Gen., Santa Fe, for plaintiff-appellee.

Sammy J. Quintana, Chief Public Defender, Bruce Rogoff, Asst. Appellate Public Defender, Santa Fe, for defendant-appellant.

## OPINION

APODACA, Judge.

Defendant pled guilty to the crime of battery on a peace officer. He reserved

the right to appeal the issue of whether a juvenile correctional officer (JCO) is still a peace officer for purposes of the battery on a peace officer statute, despite the fact that JCOs are no longer under the control of the New Mexico Corrections Department. We answer this question affirmatively and thus affirm Defendant's conviction.

In *State v. Tabaha*, 103 N.M. 789, 714 P.2d 1010 (Ct.App.1986), this Court held that JCOs were not peace officers under the battery on a peace officer statute, NMSA 1978, Section 30–22–24 (Repl.Pamp.1984). The legislature subsequently amended the correctional officers statute to provide that crimes against correctional officers and employees of the Corrections Department acting as peace officers were deemed crimes against peace officers. *See* NMSA 1978, § 33–1–10(B) (Repl.Pamp.1990). Recently, the legislature created a Youth Authority and transferred administrative jurisdiction over JCOs to it. *See* NMSA 1978, §§ 9–20–1 to –18 (Repl.Pamp.1991). Defendant argues that by doing so, the legislature removed JCOs from the coverage of Section 33–1–10(B), so that he could not be convicted of battery on a peace officer for his act of battering a JCO. We disagree.

■ This Court cannot interpret a statute or other legislative action in a way that will produce an absurd result. *See State v. Shafer*, 102 N.M. 629, 637, 698 P.2d 902, 910 (Ct.App.), *cert. denied*, 102 N.M. 613, 698 P.2d 886 (1985). Defendant contends, in effect, that by transferring administrative authority over JCOs from the Corrections Department to the newly created Youth Authority, the legislature stripped JCOs of their status as corrections officers. Defendant specifically points to the language in Sections 33–1–10(A) and (B) that speaks of correctional officers "of the corrections department." Where the literal language of a statute leads to an absurd result, however, we may construe the statute to avoid such a result. *See Wells v. County of Valencia*, 98 N.M. 3, 7, 644 P.2d 517, 521 (1982); *State v. Nance*, 77 N.M. 39, 46, 419 P.2d 242, 247 (1966), *cert. de-*

*nied*, 386 U.S. 1039, 87 S.Ct. 1495, 18 L.Ed.2d 605 (1967).

■ If Section 33–1–10 does not continue to apply to JCOs, there would be no statutory authority allowing JCOs to enforce New Mexico laws or arrest violators of those laws on the grounds of juvenile corrections facilities such as the boys' school in Springer. *See* § 33–1–10(A). Nothing in the act creating the Youth Authority grants any powers to or imposes any duties on JCOs—instead, the act is directed solely at the administrative reorganization of the various divisions consolidated under the Youth Authority. *See* §§ 9–20–1 to –18. To reach the result advocated by Defendant, we would have to hold that the legislature, in creating the Youth Authority, intended to deprive JCOs of the power to prevent violations of law on the grounds of the various juvenile facilities located in this state. This would be an absurd interpretation of the legislature's action, and we reject it. *See State ex rel. Rodriguez v. American Legion Post No. 99*, 106 N.M. 784, 786–87, 750 P.2d 1110, 1112–13 (Ct. App.1987) (court interpreting statute must presume that legislature acted reasonably), *cert. denied*, 107 N.M. 16, 751 P.2d 700 (1988); *see also Shafer*, 102 N.M. at 637, 698 P.2d at 910. Our holding is bolstered by the fact that the legislature amended Section 33–1–10(B) subsequent to our holding in *Tabaha* that JCOs were not peace officers.

■ Defendant also relies on the principle that when a criminal statute is ambiguous, the statute must be construed in the defendant's favor. Where such a construction would lead to an absurd result, however, we cannot apply that principle. *Cf. Shafer*, 102 N.M. at 637, 698 P.2d at 910.

For these reasons, we hold that JCOs are peace officers for purposes of the battery on a peace officer statute. We therefore affirm Defendant's conviction.

**IT IS SO ORDERED.**

BIVINS and FLORES, JJ., concur.