OPINION
 

 Per Curiam:
 

 Appellants were charged with violations of Nevada’s Uniform Securities Act. Appellants were convicted, pursuant to a jury trial, and now appeal. Among other issues raised in this appeal, appellants contend that a jury instruction erroneously defined a violation of the Nevada Uniform Securities Act as a general intent crime, that the state presented insufficient evidence to sustain their convictions, and that the district court erred in the amount of probation it imposed. We conclude that the district court did not err in giving a jury instruction which defined a violation of NRS 90.460 as a general intent crime. We conclude that insuffi
 
 *437
 
 cient evidence supports appellants’ convictions on seventeen counts, but sufficient evidence does support the convictions on four counts. We also conclude that the district court erred in the amount of probation it imposed.
 

 FACTS
 

 In 1979, appellant Fullerton invented the “zip nut,” a device designed for quick and easy attachment to a bolt. In connection with this invention, Fullerton formed a corporation, First Phoenix, Inc. (“First Phoenix”), for which he allegedly solicited investments in Nevada. The state filed an indictment charging Fullerton and Bennett with numerous violations of Nevada’s Uniform Securities Act.
 
 [1]
 

 Bennett filed a pre-trial motion to sever her case from Fullerton’s, which the district court denied. The day of trial, the state deleted from the grand jury indictment all counts against appellants except twenty-one counts each of sale of unregistered securities in violation of NRS 90.460.
 
 [2]
 

 At trial, the state presented evidence of four checks signed by Fullerton to Joel McVickers. The checks were purportedly' commission checks for McVicker’s sale of First Phoenix stock, pursuant to a verbal agreement between the two wherein McVickers was to receive a five percent commission for selling First Phoenix stock. McVickers testified that he was not licensed to sell securities in the State of Nevada. The state also presented evidence of two checks signed by Bennett to McVickers, both delineated as finder’s fees, although the checks contained no names which could relate the checks to a specific investor. The state argued that the payment of the commissions vitiated First Phoenix’s exemption from the registration requirements of NRS 90.460. The state presented evidence of other investors who bought First Phoenix stock, but no other evidence of commissions or finder’s fees to McVickers was presented.
 

 Fullerton testified that he did not intend to violate NRS 90.460 when he paid the commissions to McVickers, and that he did not know that payment of a commission to McVickers would cause him to lose his exemption to the registration requirements of NRS 90.460. Evidence was presented that Bennett was listed as the
 
 *438
 
 president of First Phoenix and Fullerton was listed as secretary/treasurer, but Fullerton testified that he controlled the corporation and that Bennett performed mostly clerical duties, such as filling out stock certificates and signing them as president of the corporation. Despite the evidence of Bennett’s minimal involvement in First Phoenix and with most of the investors, the state presented the two finder’s fee checks signed by Bennett to McVickers and evidence that Bennett delivered at least one stock certificate to an investor.
 

 Before closing arguments, Bennett made another motion to sever, which was denied. During settling of the jury instructions, appellants objected to instruction eleven,
 
 [3]
 
 arguing that the instruction’s definition of “willfully”
 
 [4]
 
 improperly made violations of NRS 90.460 a general intent crime. The district court overruled the objection and the instruction was given.
 

 During deliberation, the jury sent out two questions concerning when, if at all, the loss of the exemption to the registration requirements of NRS 90.460 occurred and if the transactions prior to the loss of the exemption were not violations of NRS 90.460. Bennett requested that the district court answer the question by responding that the prior sales were exempt. The state requested that the district court respond that the prior sales were not exempt. The district court sent back a reply stating that the questions were factual issues for the jury to decide. Bennett objected to this answer, but Fullerton did not.
 

 The jury found both appellants guilty on all counts. After the verdict, Bennett made motions to set aside the judgment, for judgment of acquittal, and for a new trial, all of which the district court denied. The district court imposed on each appellant two years in prison for counts I through VII, to run consecutively, and two years in prison for the remaining counts, to run concurrently. The district court suspended all prison time and placed appellants on probation for a total of thirty-five years each, with probation to end sooner if the restitution was paid. Appellants were ordered
 
 *439
 
 to pay restitution jointly and severally in the amount of $130,500 to various investors in varying amounts.
 

 DISCUSSION
 

 Appellants contend that jury instruction eleven erroneously defined “willfully,” thereby improperly making the violation of NRS 90.460 a general, rather than a specific, intent crime. Despite the extensive arguments advanced by appellants in the briefs and at oral argument, we conclude that the instruction was proper. We have previously approved the instruction’s definition of “willfully” in the context of general intent crimes, namely child abuse and neglect.
 
 See
 
 Rice v. State, 113 Nev. 1300, 949 R2d 262 (1997); Childers v. State, 100 Nev. 280, 680 P.2d 598 (1984). Further, our conclusion is in conformity with the majority of federal and state courts that have considered the issue in reviewing the Uniform Securities Act.
 
 See
 
 Mueller v. Sullivan, 141 F.3d 1232, 1233-34 (7th Cir. 1998); People v. Clem, 114 Cal. Rptr. 359, 361 (Ct. App. 1974); State v. Dumke, 901 S.W.2d 100, 103 (Mo. Ct. App. 1995); State v. Irons, 574 N.W.2d 144, 149 (Neb. 1998); State v. Mueller, 549 N.W.2d 455, 464 (Wis. Ct. App. 1996). Because we conclude that NRS 90.460 is a general intent crime, the instruction was not error.
 

 Appellants contend that insufficient evidence was presented at trial to support their convictions for sale of unregistered securities. Our standard of review is “whether, after viewing the evidence in the light most favorable to the prosecution,
 
 any
 
 rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Hutchins v. State, 110 Nev. 103, 107-08, 867 P.2d 1136, 1139 (1994) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 

 NRS 90.460 states that “[i]t is unlawful for a person to offer to sell or sell any security in this state unless the security is registered or the security or transaction is exempt under this chapter.” NRS 90.530(1 l)(c) provides that “a transaction pursuant to an offer to sell securities of an issuer” is exempt from the requirements of NRS 90.460 if “[n]o commission or other similar compensation is paid or given, directly or indirectly, to a person, other than a broker-dealer licensed or not required to be licensed under this chapter, for soliciting a prospective purchaser in this state.”
 

 Fullerton contends that the only evidence presented of commissions paid by him for the sale of unregistered security dealt with counts HI, VI, VIH and IX. He contends that because the state presented no evidence of commissions paid in connection
 
 *440
 
 with the transactions alleged in the remaining seventeen counts, those counts were not proven beyond a reasonable doubt. We agree. Because payment of a commission is a material element of the exemption to NRS 90.460 contained in NRS 90.530(ll)(c), we conclude that the evidence was insufficient to convict Fullerton on all counts except III, VI, VIII and IX,' even when viewed “in the light most favorable to the prosecution.”
 
 Hutchins,
 
 110 Nev. at 107, 867 P.2d at 1139. In so holding, we expressly reject the state’s contention that the improper commissions on four stock sales vitiates the exemption covering all previous sales in the stock issue.
 

 Bennett contends that insufficient evidence supports her conviction on all twenty-one counts. While we agree that the evidence in the record shows passive involvement with sale of the securities, for the most part, we conclude that there is sufficient evidence, such as the evidence of the two finder’s fees checks and the evidence of her delivery of a stock certificate to an investor, for a rational trier of fact to conclude enough involvement by Bennett to implicate her with Fullerton. We therefore affirm Bennett’s convictions on counts IH, VI, VIH and IX. We conclude that the evidence on the remaining counts is insufficient to support a conviction.
 
 Hutchins,
 
 110 Nev. at 107-08, 867 P.2d at 1139.
 

 Bennett contends that the district court erred in denying her motions to sever. We conclude that this contention lacks merit because Bennett has failed to “carry the heavy burden of showing that the district court abused its discretion” in denying the motions. Amen v. State, 106 Nev. 749, 756, 801 P.2d 1354, 1359 (1990) (stating that the “decision to sever is left to the discretion of the trial court”).
 

 Appellants and the state agree that the district court erred in sentencing appellants to more than five years of probation.
 
 See
 
 NRS 176A.500 (formerly NRS 176.215). We remand the probation sentence to the district court for correction in conformity with NRS 176A.500(l)(b), which provides a five-year maximum.
 
 See
 
 NRS 176.555 (providing that “[t]he court may correct an illegal sentence at.any. time”); Wicker v. State, 111 Nev. 43, 888 P.2d 918 (1995).
 

 Appellants also contend that the district court erred in sentencing them to the suspended prison time, because prison was not an option under NRS 90.650(2), which states that “[a] person convicted of violating a regulation or order under this chapter may be fined, but must not be imprisoned, if the person proves lack of
 
 *441
 
 knowledge of the regulation or order.” We find this argument unpersuasive because appellants were convicted of violating a provision of a statute, not a regulation or order. NRS 90.650(l)(a) states that “[a] person who willfully violates ... [a] provision of this chapter ... is guilty of a category C felony and shall be punished as provided in NRS 193.130, or by a fine of not more than $100,000, or by both fine and the punishment provided in NRS 193.130, for each violation.” NRS 193.130(2)(c) provides that a person convicted of a category C felony shall be sentenced ‘‘to imprisonment in the state prison for a minimum term of not less than 1 year and a maximum term of not more than 5 years.”
 

 Both appellants contend that the district court erred in answering the jury’s questions, although only Bennett made an objection. In light of our decision today, we need not address this issue because the district court’s response could have only affected the jury’s deliberation regarding the counts which we reverse.
 

 Appellants contend that the district court’s order of restitution is error because it improperly awarded double recovery to the alleged victims. We conclude that the district court did not err, because the mandatory language of NRS 90.650(1) states that, “[i]n addition to any other penalty, the court shall order the person to pay restitution.’ ’ Nevertheless, in light of our partial reversal of appellants’ convictions, restitution should only be imposed on the four counts which we affirm. We therefore remand the issue to the district court for a recalculation of the restitution amount.
 

 Finally, we conclude that the rest of appellants’ contentions lack merit. Appellants did not object to the state’s deletion of a considerable portion of the indictment on the day of trial and therefore the issue of whether the state improperly changed its theory of prosecution without notice has not been preserved for appellate consideration.
 
 See
 
 Minton v. Board of Medical Examiners, 110 Nev. 1060, 1086, 881 P.2d 1339, 1357 (1994). We find nothing in the record to support appellants’ contention that cumulative error warrants reversal of the remaining four counts. We likewise conclude that appellants’ remaining contentions lack merit.
 

 Accordingly, the judgment on the jury verdict is affirmed in part and reversed in part. We remand this case to the district court for proceedings consistent with this opinion.
 
 [5]
 

 [1]
 

 This case has already generated an opinion from this court, Sheriff v. Fullerton, 112 Nev. 1084, 924 P.2d 702 (1996). The civil case filed by the state against appellants over the alleged securities violations also generated an opinion from this court, Fullerton v. District Court, 111 Nev. 391, 892 P.2d 935 (1995).
 

 [2]
 

 NRS 90.460 makes it “unlawful for a person to offer to sell or sell any security in this state unless the security is registered or the security or transaction is exempt under this chapter.”
 

 [3]
 

 Instruction eleven stated as follows:
 

 The word “willfully,” when applied to the intent with which an act is done or omitted, as used in my instructions, implies simply a purpose or willingness to commit the act or to make the omission in question. The word does not require in its meaning any intent to violate the law, or injure another.
 

 [4]
 

 The term “willfully” does not appear in NRS 90.460, but in NRS 90.650, which sets forth the criminal penalties for any violation of NRS chapter 90. NRS 90.650(l)(a) states that “[a] person who willfully violates . . . [a] provision of this chapter ... is guilty of a category C felony and shall be punished as provided in NRS 193.130, or by a fine of not more than $100,000, or by both fine and the punishment provided in NRS 193.130, for each violation.”
 

 [5]
 

 The Honorable Deborah A. Agosti, Justice, voluntarily recused herself from the decision of this matter.