Scott Michael BRASIER,
Petitioner-Appellant,

v.

Peter A. DOUGLAS; Attorney General
of the State of Oklahoma,
Respondents-Appellees.

No. 86–2050.

United States Court of Appeals,
Tenth Circuit.

March 27, 1987.

Scott Michael Brasier, pro se.

Before McKAY and SEYMOUR,
Circuit Judges, and SAM, District
Judge.*

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir. R. 34.1.8(c) and 27.-1.2. The cause is therefore ordered submitted without oral argument.

Petitioner appeals from the district court opinion and order dismissing the petition he had filed pursuant to 28 U.S.C. § 2254. We affirm.

There is a preliminary issue of whether *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), precluded federal habeas corpus review. Relying on *Holcomb v. Murphy,* 701 F.2d 1307 (10th Cir.), *cert. denied,* 463 U.S. 1211, 103 S.Ct. 3546, 77 L.Ed.2d 1394 (1983), the district court held that since respondents had not shown that petitioner had deliberately bypassed state remedies, petitioner's failure to raise his habeas claims on direct appeal did not require dismissal of his federal habeas corpus petition. *See Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). Subsequently, the Supreme Court made clear that *Fay* does not apply in petitioner's situ-

---

* The Honorable David Sam, United States District Judge for the District of Utah, sitting by designation.

ation. When the state court refuses to address claims raised by a prisoner who had a direct appeal, and its refusal is based on the prisoner's failure to comply with state procedural rules, the federal habeas court should apply the cause and prejudice standard set forth in *Wainwright. See Murray v. Carrier,* —— U.S. ——, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

■ We have previously stated that to determine whether federal habeas corpus relief is barred, the federal habeas court "must inquire not only if there is a state procedural bar, but whether the state itself applied the bar." *Morishita v. Morris,* 702 F.2d 207, 209 (10th Cir.1983). In the case now before us, this inquiry is complicated by the fact that petitioner was denied state post-conviction relief on alternative grounds. The state district court rejected petitioner's claims because he had failed to raise them on direct appeal and because they lacked merit. The Oklahoma Court of Criminal Appeals relied on both grounds in its order affirming the denial of relief.

A similar problem is created when a state has a fundamental error exception to its procedural default rule. Then, before a state court can dismiss a claim because of a petitioner's procedural default, it must consider the merits of the claim to determine whether fundamental error has occurred. We have previously concluded that since the state court considers the merits of the claim in such a case, the federal habeas court is not precluded from addressing the merits. *See Hux v. Murphy,* 733 F.2d 737, 739 (10th Cir.1984), *cert. denied,* 471 U.S. 1103, 105 S.Ct. 2331, 85 L.Ed.2d 848 (1985), *overruled on other grounds, Wiley v. Rayl,* 767 F.2d 679, 681 n. 2 (10th Cir.1985); *Morishita v. Morris,* 702 F.2d at 209; *cf. Ake v. Oklahoma,* 470 U.S. 68, 75, 105 S.Ct. 1087, 1093, 84 L.Ed.2d 53 (1985) ("when resolution of the state procedural law question depends on a federal constitutional ruling, the state-law prong of the court's holding is not independent of federal law," so federal review is not precluded).

Although the state court's analysis of the merits of petitioner's claim in the case now before us was not simply a step in its application of the state's procedural default rule, we find the rationale used in *Morishita* persuasive. We conclude that since the state court reviewed petitioner's claims on the merits, procedural default did not preclude the federal habeas court from addressing the claims on the merits. *See Thompson v. Estelle,* 642 F.2d 996, 998 (5th Cir.1981) (when "the state courts have not relied exclusively upon [petitioner's] procedural default, *Wainwright v. Sykes* does not prevent federal habeas review"). We therefore turn to the merits of the petition.

■ Petitioner's first claim in federal district court was that it was unconstitutional for the state to try him for two separate crimes, rape and sodomy, since the crimes had allegedly been "one criminal transaction." The federal district court correctly rejected this claim, stating that "petitioner [had] committed two separate and distinct criminal acts, the first of which was completed before the second began.... Further, under Oklahoma law, the offenses of rape and sodomy each require[s] proof of a fact which the other does not." *See Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932); *Timberlake v. United States,* 767 F.2d 1479, 1481 (10th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 882, 883, 88 L.Ed.2d 918 (1986).

On appeal, petitioner argues that *Missouri v. Hunter,* 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), required the federal district court to consider whether the Oklahoma legislature had intended that someone could be convicted of two crimes arising out of the same "criminal transaction." Petitioner argues that his conviction for two crimes was prohibited by Okla.Stat. tit. 21, § 11 (1971), as construed by *Richmond v. State,* 492 P.2d 349 (Okla.Crim. App.1971), and *Lawson v. State,* 484 P.2d 900 (Okla.Crim.App.1971). Okla.Stat. tit. 21, § 11 (1971), provides that one "act or omission" cannot be punished under more than one statutory provision. Unlike the defendants in *Lawson* and *Richmond,* petitioner's convictions were for two different acts and required proof of two different

sets of facts. *See Ziegler v. State*, 610 P.2d 251, 254 (Okla.Crim.App.1980) (rejecting an identical claim because "each of the acts was distinct from the other"). We agree with the federal district court that petitioner has shown no constitutional error.

Petitioner also urged the federal district court to find that (1) the state's decision to try him for two crimes in one trial had deprived him of a fair trial; and (2) he had been denied his right to have the jury decide whether his sentences should run consecutively or concurrently. Petitioner does not renew these arguments on appeal, and we see no error in the federal district court's analysis of them.

For the reasons stated above, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

The mandate shall issue forthwith.