Donnie SHAFER, Petitioner–Appellant,

v.

Hal STRATTON, Attorney General State of New Mexico, Respondent–Appellee.

No. 88–2026.

United States Court of Appeals, Tenth Circuit.

June 26, 1990.

Donnie Clay Shafer appeals from an order of the United States District Court for the District of New Mexico denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We affirm.

Shafer was convicted on three counts of unlawful offer to sell or sale of an unregistered security in New Mexico, in violation of N.M.Stat.Ann. § 58–13–4, and one count of conspiracy, in violation of N.M.Stat.Ann. § 30–28–2. He was sentenced to three years imprisonment on the unlawful sale convictions and eighteen months on the conspiracy conviction, all to run concurrently. Shafer's conviction and sentence were affirmed on direct appeal to the New Mexico Court of Appeals, with the exception that the three year sentences were ordered reduced to eighteen months. *State v. Shafer*, 102 N.M. 629, 698 P.2d 902 (N.M. Ct.App.1985).[1] The New Mexico Supreme Court denied his petition for certiorari. *Shafer v. State*, 102 N.M. 613, 698 P.2d 886 (1985).

The present petition for a writ of habeas corpus followed. The magistrate to whom the matter was referred recommended dismissal of the petition with prejudice. The district court adopted the magistrate's proposed findings and recommendations and dismissed the petition with prejudice.

We recite the pertinent facts from the New Mexico Court of Appeals opinion:

> "Defendants Shafer and [H.D.] Berry, along with S. Stewart Shelton, incorporated SBS Development, Inc., a Texas corporation. The corporation sought to develop and sell corporate securities allegedly to develop a perpetual motion machine which would generate electricity. Texas counsel assisted in the incorporation.

. . . . .

Defendants testified that it was their understanding, following consultation with an attorney in Texas, that their actions would not constitute violations of the New Mexico criminal or securities laws if all of the sales of the corporate stock of SBS took place in Texas or if the stock qualified for exemptions. Defendants stated that all of the transactions involving sales of corporate stock were set up so that investors' checks would be

Stephen P. McCue, Asst. Federal Public Defender, Albuquerque, N.M., for petitioner-appellant.

William McEuen, Asst. Atty. Gen., Santa Fe, N.M., for respondent-appellee.

Before ANDERSON, EBEL, Circuit Judges, and RUSSELL,* District Judge.

STEPHEN H. ANDERSON, Circuit Judge.

---

* Honorable David L. Russell, United States District Judge of the Eastern, Northern and Western Districts of Oklahoma.

1. On remand, the trial court resentenced Shafer to eighteen months imprisonment on the three unlawful sale convictions. Subsequently, Shafer's total sentence was enhanced by one year because he was an habitual offender.

sent to Texas and the stock would be issued in Texas."

*State v. Shafer,* 698 P.2d at 905.

## DISCUSSION

Shafer argues: (1) that the state trial court's refusal to instruct the jury in several respects on his theory of his defense violated his rights to due process and a fair trial; (2) that the court's restriction of his cross-examination of two prosecution witnesses deprived him of his right of confrontation; and (3) that the sentences imposed "were so improper and arbitrary in light of the state statutes applicable" as to violate his due process rights. The district court rejected these arguments.

1. Denial of defense instructions:

Shafer argues five specific errors in the court's refusal to give certain instructions pertaining to Shafer's theory of defense. He asserts he was entitled to an instruction (1) that an isolated transaction is exempt from the securities laws; (2) that sales of stock by corporations having twenty-five or fewer shareholders are exempt from the securities laws in certain circumstances; (3) that "sale" is to be defined by the Uniform Commercial Code definition, N.M. Stat.Ann. § 55–2–106; (4) that Shafer's honest and reasonable belief that SBS Development, Inc. stocks were being sold only in Texas would constitute a defense; and (5) that "any transaction executed by a bona fide pledgee without any purpose of evading the Securities Act of New Mexico" is exempt. Shafer argues that the failure to so instruct, both individually and cumulatively, violated his due process rights and deprived him of a fair trial.

The New Mexico Court of Appeals addressed and rejected each of these arguments, finding no error under New Mexico law. The district court found no constitutional error in the refusal to give Shafer's proffered instructions. We agree.

■ "Habeas proceedings may not be used to set aside a state conviction on the basis of erroneous jury instructions unless the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial in the constitutional sense." *Brinlee v. Crisp,* 608 F.2d 839, 854 (10th Cir.1979), *cert. denied,* 444 U.S. 1047, 100 S.Ct. 737, 62 L.Ed.2d 733 (1980); *see also Nichols v. Sullivan,* 867 F.2d 1250, 1253 (10th Cir.) ("the scope of our review is narrow: our responsibility is to ensure that [petitioner] was afforded the protections of due process, not to exercise supervisory powers over the New Mexico

courts."), *cert. denied,* —— U.S. ——, 109 S.Ct. 3169, 104 L.Ed.2d 1031 (1989); *Gaines v. Hess,* 662 F.2d 1364, 1368 (10th Cir.1981) ("we are faced with a habeas corpus petition challenging state trial proceedings, and we are limited in our review of error to those of constitutional magnitude."). Shafer bears a heavy burden of proof. *See Henderson v. Kibbe,* 431 U.S. 145, 154, 97 S.Ct. 1730, 1736–37, 52 L.Ed.2d 203 (1977). After reviewing the record in this case and the reasoning of the New Mexico Court of Appeals, we cannot say that the failure to give the requested instructions rendered the trial so fundamentally unfair as to deny Shafer a fair trial, nor do we find a denial of due process.

■ One of Shafer's jury instruction arguments raises a question of procedural bar. As indicated, Shafer argued the jury should have been instructed that sales of stock by corporations having twenty-five or fewer shareholders were exempt under certain circumstances. This argument is based on former N.M.Stat.Ann. § 58–13–30(J) (1986), which provided an exemption for:

> The issuance and sale by any corporation organized under the laws of this state of its securities at a time when the number of security holders does not, and will not in consequence of the sale exceed 25, and: (1) The seller reasonably believes that all buyers are purchasing for investment; and (2) No commission or other remuneration is paid or given directly or indirectly for soliciting any prospective buyer;

The trial court rejected an instruction based on this statute because, by its terms, the statute only applies to New Mexico corporations, whereas Shafer's corporation was a Texas corporation. On appeal to the New Mexico Court of Appeals, Shafer argued the exemption, applicable only to New Mexico corporations, violated the Commerce Clause. The New Mexico court stated:

> "This argument ... was not raised in the trial court. A party objecting to an instruction has the burden to provide a record sufficient to demonstrate reversible error in refusing the instruction. Moreover, the argument is without merit. We find no constitutional infirmity in the statute."

*State v. Shafer,* 698 P.2d at 907–08 (citations omitted).

Shafer relies on *Brasier v. Douglas,* 815 F.2d 64 (10th Cir.) (per curiam), *cert. de-*

*nied,* 483 U.S. 1023, 107 S.Ct. 3271, 97 L.Ed.2d 769 (1987) to argue that this court can and should reach the merits of the Commerce Clause issue because, despite any procedural default by Shafer in state court, the New Mexico court reached the merits. In *Brasier,* we held that "since the state court reviewed petitioner's claims on the merits, procedural default did not preclude the federal habeas court from addressing the claims on the merits." 815 F.2d at 65. Thus, under *Brasier,* even if a state court specifically finds a procedural default on a federal claim, if it also reaches the merits of that claim the federal court on habeas review may also reach the merits. *See also Osborn v. Shillinger,* 861 F.2d 612, 618 (10th Cir.1988).

Our position in *Brasier* has been overruled by the Supreme Court in *Harris v. Reed,* 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989). The Court in *Harris* began by noting that the procedural default rule, developed in *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and subsequent cases, "has its historical and theoretical basis in the 'adequate and independent state ground' doctrine." *Id.* 109 S.Ct. at 1042. Thus, where a state court finding of procedural default is an adequate and independent state ground, the procedural default bars federal habeas review of the claims unless the petitioner can demonstrate "cause" for his procedural default and "prejudice attributable thereto," or that the failure to consider the federal claim will result in a " 'fundamental miscarriage of justice.'" *Murray v. Carrier,* 477 U.S. 478, 485, 495–96, 106 S.Ct. 2639, 2643–44, 2649–50, 91 L.Ed.2d 397 (1986) (quoting *Engle v. Isaac,* 456 U.S. 107, 135, 102 S.Ct. 1558, ——, 71 L.Ed.2d 783 (1982)); *see also Dugger v. Adams,* 489 U.S. 401, 109 S.Ct. 1211, 1217–18 n. 6, 103 L.Ed.2d 435 (1989).[2]

■ However, "[t]he question whether a state court's reference to state law constitutes an adequate and independent state ground for its judgment may be rendered

difficult by ambiguity in the state court's opinion." *Harris,* 109 S.Ct. at 1042. In the event of ambiguity, *Harris* directs us to apply the "plain statement" rule of *Michigan v. Long,* 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983). Accordingly, "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case ' "clearly and expressly" ' states that its judgment rests on a state procedural bar." *Harris,* 109 S.Ct. at 1043 (quoting *Caldwell v. Mississippi,* 472 U.S. 320, 327, 105 S.Ct. 2633, 2638–39, 86 L.Ed.2d 231 (1985) (quoting *Michigan v. Long,* 463 U.S. 1032, 1041, 103 S.Ct. 3469, 3476–77, 77 L.Ed.2d 1201 (1983))). Federal courts must not *presume* a state court relied on procedural bar where the state court opinion does not make that clear.

The Court specifically addressed the question of an alternative procedural bar/merits state court holding:

"a state court need not fear reaching the merits of a federal claim in an *alternative* holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law."

109 S.Ct. at 1044 n. 10 (emphasis original). *Brasier*'s holding that a federal habeas court should reach the merits of a federal claim where the state court addressed the merits, even though the state court clearly alternatively held that the petitioner had procedurally defaulted, has therefore been overruled.

Applying the "plain statement" rule of *Harris v. Reed* to the Commerce Clause issue here, we conclude that the New Mexico Court of Appeals "clearly and expressly" stated that its rejection of Shafer's Commerce Clause argument rested on a state procedural bar rule, despite its further analysis of the merits.[3] Accordingly,

---

**2.** On the question of whether a state procedural default ruling is "adequate" and "independent," the Supreme Court in *Harris* directs us to *Ake v. Oklahoma,* 470 U.S. 68, 75, 105 S.Ct. 1087, 1092, 84 L.Ed.2d 53 (1985) ("when resolution of the state procedural law question depends on a federal constitutional ruling, the state-law prong of the court's holding is not independent of federal law") and *Johnson v. Mississippi,* 486 U.S. 578, 587, 108 S.Ct. 1981, 1987, 100 L.Ed.2d 575 (1988) (" '[A] state procedural ground is not "adequate" unless the procedural rule is "strictly or regularly followed." ' ") (quoting *Barr v. City*

*of Columbia,* 378 U.S. 146, 149, 84 S.Ct. 1734, 1736, 12 L.Ed.2d 766 (1964)). Shafer makes no argument that the Court of Appeals' procedural bar holding was not adequate and independent. Accordingly, we do not address that question.

**3.** *Harris v. Reed* was issued shortly after Shafer filed his reply brief in this appeal. Neither party has argued by way of supplemental authority either that *Harris* should or that it should not be applied to this case. Our court has assumed, without discussion, that *Harris* applies to a case pending when *Harris* was is-

absent cause and prejudice, this court will not address Shafer's Commerce Clause argument. Shafer has made no showing of cause and prejudice. We therefore turn to his remaining arguments.

2. Restriction of Cross–Examination:

█ Shafer argues that he was improperly limited in his ability to cross-examine two prosecution witnesses, and that his Sixth Amendment right of confrontation was thereby violated. He also argues that the trial court improperly prohibited him from using an affidavit from one of the two witnesses to impeach the other witness. The New Mexico Court of Appeals refused to address the allegations of improper limitation of cross-examination of the two witnesses, on the ground that Shafer had procedurally defaulted on those arguments. *See Shafer v. State*, 698 P.2d at 908–09. The district court held that Shafer's procedural default, coupled with his failure to demonstrate cause and prejudice, barred federal habeas review. We affirm. *See Harris v. Reed.*

The Court of Appeals rejected Shafer's argument that the trial court improperly restricted Shafer's use of the affidavit. The district court likewise rejected the argument, for slightly different reasons. We affirm, for substantially the reasons contained in the district court's opinion.

3. Sentences:

Shafer argues that the New Mexico Court of Appeals' interpretation of the applicable statutes governing sentencing was "so egregious that the imposition of [Shafer's] excessive sentence was violative of due process." Appellant's Brief-in-Chief at 34. The district court rejected this argument, stating that it "is concerned solely with matters of state law and thus fails to state a claim cognizable under 28 U.S.C. § 2254." We affirm.

For the foregoing reasons, we AFFIRM the dismissal of Shafer's petition for a writ of habeas corpus.

sued. *See Nieto v. Sullivan*, 879 F.2d 743, 746 & n. 2 (10th Cir.) *cert. denied*, — U.S. —, 110 S.Ct. 373, 107 L.Ed.2d 359 (1989). Many other courts have made the same assumption without discussion. *See, e.g., Smith v. Freeman*, 892 F.2d 331, 336 (3rd Cir.1989); *Cavanaugh v. Kincheloe*, 877 F.2d 1443, 1450 (9th Cir.1989); *Parker v. Dugger*, 876 F.2d 1470, 1476–78 (11th Cir.1989), *cert. denied*, — U.S. —, 110 S.Ct. 3270, 111 L.Ed.2d 780 (1990); *Owens v. Treder*, 873 F.2d 604, 611 (2nd Cir.1989); *Booker v.*

*Lynaugh*, 872 F.2d 100, 101 (5th Cir.1989); *Waye v. Townley*, 871 F.2d 18, 19 (4th Cir.), *cert. denied*, — U.S. —, 109 S.Ct. 3202, 105 L.Ed.2d 710 (1989). Those courts which have specifically addressed the question have likewise concluded that the *Harris* "plain statement" rule applies to cases pending when *Harris* was issued. *See Peterson v. Scully*, 896 F.2d 661, 664 (2nd Cir.1990); *Harmon v. Barton*, 894 F.2d 1268, 1272 n. 8 (11th Cir.1990); *Hill v. McMackin*, 893 F.2d 810, 813–14 (6th Cir.1989).