932 F.2d 975
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Sammy SAUCEDA, Plaintiff-Appellant,
v.
Eloy MONDRAGON, Warden, Southern New Mexico Correctional
Facility, Defendant-Appellee.
 No. 87-2498.
 United States Court of Appeals, Tenth Circuit.
 May 7, 1991.
 
 Before SEYMOUR, BARRETT and STEPHEN H. ANDERSON, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 Sammy Sauceda brought this petition pursuant to 28 U.S.C. Sec. 2254 (1988) for habeas corpus relief from a state court judgment of conviction. The district court denied relief. We affirm in part and reverse in part.
 
 
 2
 In his federal petition, Sauceda sought relief on three basic grounds: 1) his wife's consent to search their home was not given voluntarily; 2) the admission of state's exhibit one and the prosecutor's conduct with regard to that exhibit denied him a fair trial; and 3) the admission of state's exhibit three denied him a fair trial. The district court concluded that federal habeas relief on the basis of the consent claim was barred under Stone v. Powell, 428 U.S. 465 (1976). The court further held that Sauceda's other claims were barred under the cause and prejudice test of Wainwright v. Sykes, 433 U.S. 72 (1977), and its progeny.
 
 I.
 
 3
 The Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas relief on the ground that evidence obtained in an unconstitutional corpus search and seizure was introduced at his trial." Stone v. Powell, 428 U.S. at 494 (footnote omitted). We have carefully reviewed the record, and have considered the arguments and authorities presented in the appeal of this issue. We are convinced that Sauceda had an opportunity for a full and fair hearing on the issue of the voluntariness of his wife's consent to the search at issue. We therefore affirm the denial of relief on this claim.
 
 II.
 
 4
 We reach a different result, however, with respect to Sauceda's remaining claims. The Supreme Court has held that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case " 'clearly and expressly' states that its judgment rests on a state procedural bar." Harris v. Reed, 109 S.Ct. 1038, 1043 (1989) (citation omitted).[1] Here, Sauceda's final attempt to raise these claims in state court was an original petition for writ of habeas corpus filed with the state supreme court. That court denied the writ without comment. Thus, the last court rendering a judgment in the case did not plainly state that its decision rested on a state procedural bar. Accordingly, federal collateral review of these claims is not barred and we remand for consideration on the merits.
 
 
 5
 AFFIRMED IN PART AND REVERSED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 This court has held that the ruling in Harris applies retroactively. See Shafer v. Stratton, 906 F.2d 506, 509 n. 3 (10th Cir.), cert. denied, 111 S.Ct. 393 (1990)