43 F.3d 1483
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jackie L. HENRY, Petitioner-Appellant,
v.
Bobby BOONE; and Attorney General of the State of Oklahoma,
Respondents-Appellees.
 No. 94-6262.
 United States Court of Appeals, Tenth Circuit.
 Dec. 14, 1994.
 
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed.R.App. P.34(f); 10th Cir. R.34.1.9. The case is therefore ordered submitted without oral argument. We issue a certificate of probable cause pursuant to 28 U.S.C. 2253, grant appellant's request to proceed in forma pauperis pursuant to 28 U.S.C.1915(a), and proceed to the merits of the appeal.
 
 
 2
 Petitioner-Appellant Jackie L. Henry ("Henry") was convicted in an Oklahoma state court of murder in the first degree during the commission of robbery with firearms. After unsuccessfully appealing his conviction to the Oklahoma Court of Criminal Appeals, Henry filed a petition for a writ of habeas corpus with the federal district court pursuant to 28 U.S.C. 2254. Henry argued that he was deprived of his Sixth Amendment right to a fair trial and his Fourteenth Amendment right to due process because the trial judge: (1) denied both parties' requested jury instruction on character witness testimony, and (2) failed sua sponte to instruct the jury on the defense of duress. The district court adopted the findings and recommendation of the magistrate and denied Henry's petition. Henry renews his arguments on this appeal and we affirm.
 
 
 3
 A petitioner seeking collaterally to attack a state court conviction based on an erroneous set of jury instructions "bears a heavy burden of proof." Shafer v. Stratton, 906 F.2d 506, 508 (10th Cir.), cert. denied, 498 U.S. 961 (1990). "Habeas proceedings may not be used to set aside a state conviction on the basis of erroneous jury instructions unless the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial in the constitutional sense," id. (quotation omitted), or "so infected the entire trial that the resulting conviction violates due process,' " Estelle v. McGuire, 112 S.Ct. 475, 482 (1991) (quoting Cupp v. Naughten, 414 U.S. 141, 147 (1973)).
 
 
 4
 Henry first claims that the trial court committed an error of such constitutional magnitude by rejecting both parties' requested jury instruction on character witness testimony.[2] Henry claims that, with this instruction, the jury would have given more weighty consideration to the testimony of his four positive character witnesses and returned a not guilty verdict. The trial judge rejected the proffered instruction because of its potential to confuse the jury. The Oklahoma Court of Criminal Appeals, while acknowledging that the "better practice" was to give an instruction on character witness testimony, found no violation of Henry's rights because the evidence of his guilt was "overwhelming." Henry v. State, No. F-87-677, at 2-3 (Okla.Crim.App. Apr. 24, 1991).
 
 
 5
 After reviewing the evidence, which includes a confession by Henry of his involvement in the crime, we agree that no fundamental unfairness arose from the trial court's rejection of Henry's character witness instruction. The testimony about Henry's character was admitted at trial; Henry's attorney had the opportunity to argue its significance to the jury; and the jury received instructions on the presumption of innocence and the reasonable doubt standard, which logically encompass the appropriate treatment of character witness testimony. Henry has thus failed to demonstrate the fundamental unfairness or infection of the trail process necessary to prevail on his first constitutional claim.
 
 
 6
 Henry claims, secondly, that fundamental unfairness resulted from the trial court's failure sua sponte to instruct the jury on the defense of duress. The Oklahoma Court of Criminal Appeals found no denial of Henry's rights because the evidence presented at trial did not support a duress defense under Oklahoma state law. Henry v. State, No. F-87-677, at 3 (Okla.Crim.App. Apr. 24, 1991) (citing Shelton v. State, 793 P.2d 866, 877 (Okla.Crim.App.1990)). Henry asks us to reject this conclusion and to find that the lack of a duress instruction rendered his conviction constitutionally infirm. We disagree. The evidence was such that a duress instruction may not have been warranted in any event, and it certainly was not plain error for the district court to fail to give such an instruction sua sponte. Because no fundamental unfairness arose from the trial court's failure sua sponte to instruct on a defense unsupported by the evidence under state law, Henry's second constitutional claim must fail as well. Cf. Lujan v. Tansy, 2 F.3d 1031, 1033-36 (10th Cir.1993), cert. denied, 114 S.Ct. 1074 (1994) (finding that trial court's failure to instruct on defendant's potential inability to form "deliberate intent," an instruction unsupported by the evidence under state law, provided no grounds for habeas relief).
 
 
 7
 Accordingly, we AFFIRM the district court's denial of Henry's petition for a writ of habeas corpus. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The proffered instruction read:
 This Defendant has introduced evidence of his character for being a peaceful and law-abiding citizen. This evidence may be sufficient when considered with the other evidence in the case to raise a reasonable doubt of the Defendant's guilt. However, if from all the evidence in the case you are satisfied beyond a reasonable doubt of the Defendant's guilt, then you may find him guilty, even though he may have good character.
 See Findings and Recommendation of United States Magistrate Judge, at 2.