**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**DEC 11 1997**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

EDWARD WEBB,

      Petitioner-Appellant,

v.

JOE WILLIAMS, Warden;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

      Respondents-Appellees.

No. 97-2280
(D.C. No. CIV-97-246-JC)
(New Mexico)

---

## ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

Edward Webb was convicted by a jury in state court of criminal sexual

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

penetration of a child and criminal sexual contact with a minor. He filed a petition for habeas corpus relief under 28 U.S.C. § 2254, alleging that his constitutional rights were violated in his state criminal proceedings because he was denied: (1) equal protection during the jury selection process; (2) the right to confront the witnesses against him; (3) the effective assistance of counsel; and (4) due process when his prison legal assistant failed to inform him of the deadline for filing a petition for writ of certiorari from the state district court's denial of his request for post-conviction relief. The magistrate judge recommended that Mr. Webb's request for federal habeas relief be denied, and the district court adopted the recommendation. The district court granted a certificate of appealability as to issues one to three but not as to issue four. Mr. Webb appeals and we affirm.

In his first claim, Mr. Webb asserts he was denied due process during the jury selection process when the prosecutor used peremptory challenges to remove blacks from the jury panel. In his third claim, he alleges that his counsel was ineffective in failing to raise an objection to the jury selection process, and in failing to investigate the victim's father. Mr. Webb raised these claims for the first time in his petition for state post-conviction relief. The state district court rejected the claims summarily as without merit. The New Mexico Supreme Court returned Mr. Webb's petition for writ of certiorari as untimely and denied his

motion to file an untimely appeal.

The magistrate judge concluded that federal habeas review of these claims was barred by procedural default, and we agree. We have held under virtually identical circumstances that a claim raised for the first time in state post-conviction proceedings is procedurally defaulted if the petitioner fails to obtain timely review by the New Mexico Supreme Court of the state trial court's ruling. See Ballinger v. Kerby, 3 F.3d 1371, 1374 (10th Cir. 1993). Federal habeas review of such a claim is barred unless the petitioner shows both cause and prejudice for the default,[1] or that failure to hear the claim will result in a fundamental miscarriage of justice. Shafer v. Stratton, 906 F.2d 506, 509 (10th Cir. 1990). Mr. Webb has not shown cause for his failure to timely seek review of these issues and we therefore need not address prejudice.[2] Moreover, to show a fundamental miscarriage of justice, Mr. Webb must do more than make an

---

[1] The state court's finding of procedural default must, of course, be an adequate and independent state ground in order to bar federal habeas review. See Shafer v. Stratton, 906 F.2d 506, 509 & n.2 (10th Cir. 1990). Mr. Webb does not argue that the New Mexico Supreme Court's ruling barring his pleadings as untimely was not adequate and independent, and we therefore do not address the issue.

[2] Mr. Webb appears to assert that his prison legal assistant's failure to apprise him of the filing deadline constitutes cause for the late filing of his state post-conviction appeal. The Supreme Court has expressly rejected this argument, holding that because a petitioner has no right to an attorney in state post-conviction proceedings, the petitioner must bear the burden of his representative's failure to follow state procedural rules. See Coleman v. Thompson, 501 U.S. 722, 752-54 (1991).

unsupported allegation of factual innocence. He must present evidence sufficient to undermine our confidence in the outcome of the trial. See Schlup v. Delo, 513 U.S. 298, 316 (1995). Mr. Webb has failed to make this showing as well, and federal habeas review of these claims is therefore barred.

Mr. Webb's second claim is that he was denied the right to confront witnesses against him. This claim is based on the state trial court's decision to keep from Mr. Webb information about the individual who told the victim's mother that Mr. Webb was abusing the victim. In this appeal, Mr. Webb asserts he was denied disclosure of the accuser's identity, the opportunity to discover whether the accuser possessed exculpatory evidence, and the right to confront the accuser who did not testify at trial. The trial judge held an in camera proceeding and concluded that the accuser's identity was irrelevant and that he possessed no exculpatory information.

Mr. Webb raised these issues in his direct appeal. The state court of appeals held he had waived them by agreeing in open court that the identity of the accuser was not important, and by failing to object to the trial court's proposed use of the in camera procedure. Mr. Webb has not shown cause[3] or prejudice for his waiver of these claims during trial, nor, as discussed above, has he satisfied

---

[3] We note that Mr. Webb does not assert that his trial counsel was incompetent with respect to this matter.

-4-

the requirements for invoking the "fundamental miscarriage of justice" exception. Accordingly, federal habeas review of these claims is also barred.

Finally, Mr. Webb asserts he was denied due process by his prison legal assistant's failure to inform him of the deadline for filing a petition for writ of certiorari. Implicit in this argument is Mr. Webb's belief that he was entitled to constitutionally adequate representation in his state post-conviction proceedings. The Supreme Court has clearly held, under circumstances analogous to those here, that a petitioner has no constitutional right to an attorney in state post-conviction proceedings and that the petitioner must therefore bear the burden of a failure to follow state procedural rules. See Coleman v.Thompson, 501 U.S. 722, 752-54 (1991). Absent a constitutional violation, a court's reliance on its procedural rules to deny review of a defaulted claim simply does not deny a petitioner due process. We therefore deny a certificate of appealability as to this issue.

The judgment of the district court is **AFFIRMED** as to issues one through three. The appeal is **DISMISSED** as to issue four.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

-5-