**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 18 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROY LEE HOWARD,

        Petitioner - Appellant,

v.

JOE WILLIAMS, Warden, Central New
Mexico Correctional Facility, and
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

        Respondents - Appellees.

No. 97-2284

(D.C. No. CIV 97-354-BB)

(D. New Mex.)

**ORDER AND JUDGMENT***

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

After examining Petitioner's brief and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the determination

of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

Petitioner Roy Howard appeals the district court's dismissal of his petition for a

writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The district court dismissed

---

*This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Petitioner's habeas claim because federal habeas review is barred by Petitioner's procedural default in state court. After Mr. Howard filed his notice of appeal, the district court issued an order denying him a certificate of appealability.

Petitioner alleges for the first time on appeal that the failure to grant him federal habeas review would result in a fundamental miscarriage of justice sufficient to avoid the procedural bar to federal habeas review of his claims. See Shafer v. Stratton, 906 F.2d 506, 509 (10th Cir. 1990). To show a fundamental miscarriage of justice in the context of procedural default, Petitioner must show that his case presents "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent" of the crime. Murray v. Carrier, 477 U.S. 478, 496 (1986); see McCleskey v. Zant, 499 U.S. 467, 494 (1991). Petitioner's allegation of innocence in the brief he filed with this court on October 14, 1997, contradicts his statements admitting guilt in his Objection to Magistrates [sic] Proposed Findings filed July 28, 1997, his Application for a Writ of Habeas Corpus filed in the United States District Court for the District of New Mexico on March 17, 1997, and his Petition for Writ of Habeas Corpus filed in the New Mexico state court on December 13, 1996. Compare Petitioner's Brief at 10 ("I was not even near the house when the shot's [sic] were being fired.") with R., Vol. I, Doc. 1 (Application for a Writ of Habeas Corpus) ("Plaintiff's [sic] was protecting his brother and feels that this charge was justifiable."); Doc. 12 (Exhibit E to Respondent's Answer) ("this was justifiable homicide in which he was protecting his life and the life of

2

his brother"); Doc. 16 (Plaintiff's Objection to Magistrates [sic] Proposed Findings) ("Plaintiff protecting himself against be shot [sic] by a person that had already shot his brother"). Petitioner's unsupported allegation of innocence is insufficient to undermine our confidence in his plea. See Schlup v. Delo, 513 U.S. 298, 316, 327-28 (1995). The contradiction in Petitioner's statements coupled with the fact that Petitioner has alleged innocence for the first and only time in this appeal lead us to conclude that Petitioner has failed to meet the fundamental miscarriage of justice standard. Federal habeas review of his claims is therefore barred.

This court will issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). After careful examination of Petitioner's application and brief, the entire record, the magistrate judge's report and recommendation, and the district court's order of dismissal filed August 6, 1997, we conclude that Petitioner has failed to make the requisite showing for us to issue a certificate of appealability. Consequently, Petitioner's request for a certificate of appealability is DENIED, and the appeal is DISMISSED.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge