FILED
United States Court of Appeals
Tenth Circuit

February 9, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DEMARCO JAMAAL WHITE,

      Petitioner–Appellant,

v.

ANGEL MEDINA, Warden, L.C.F.; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents–Appellees.

No. 11-1539
(D.C. No. 1:10-CV-00282-MSK)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

      Demarco White, a state prisoner appearing pro se, seeks a certificate of

appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2254 habeas

petition. We deny a COA and dismiss the appeal.

---

      [*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I

After he fatally shot two individuals, White was charged with two counts of first degree murder and one count of conspiracy to commit murder. At trial, White claimed that he was acting in self-defense. The jury, however, was not convinced and found him guilty of one count of first degree murder and one count of second degree murder. White was sentenced to life without parole and a consecutive sentence of 48 years' imprisonment. The convictions were affirmed on direct appeal.

White subsequently filed a habeas petition under 28 U.S.C. § 2254 in federal court. Initially, the district court was under the incorrect impression that it did not have the state court record, and denied the petition based on the available materials. On appeal, we noted that the docket indicated that the trial record had been filed and was available to the district court. We thus remanded the case for a reevaluation of White's petition with the benefit of all the state court materials. Upon reconsideration, the district court thoroughly considered the entirety of the record and concluded that all of White's claims lacked merit. Accordingly, it denied his petition.

## II

We will grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, White must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

- 2 -

presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted). We construe White's pro se filings liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Colorado courts have adjudicated the merits of White's claims. As such, he is not entitled to relief unless he can demonstrate that the state courts' resolution of his claims was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Under this highly deferential standard, we owe state-court decisions "the benefit of the doubt." Woodford v. Visciotti, 537 U.S. 19, 24 (2002).

**A**

As a preliminary matter, White asserts that this court erred by failing to reassign the case to a different judge on remand. Specifically, White claims that because the district court had previously denied his petition without the aid of the trial court record, it was biased and prone to ruling in the same manner after we remanded the case.

In deciding if reassignment of a new judge is appropriate on remand, we consider three factors:

> (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to

- 3 -

preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

Mitchell v. Maynard, 80 F.3d 1433, 1450 (10th Cir. 1996). White admits that he can show no actual bias on the part of the district court. The trial court's upfront acknowledgment and explanation of the previous clerical error further dispels any concerns about bias. Accordingly, there was no basis for reassigning the case. We also reject White's claim that the district court did not consider the record on remand; as we explained above, the district court's second order demonstrates a close regard for the entire record.

**B**

White contends that his trial counsel was constitutionally ineffective. He alleges that counsel failed to meet with him and discuss the facts of his case and also failed to investigate ballistic evidence that may have indicated one of the victims fired a weapon at him.

To establish ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984), White must show both that his counsel's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. Id. at 687-88, 694. Because the Colorado Court of Appeals addressed the merits of White's ineffective assistance of counsel claims, he must show that there is no reasonable argument that his trial counsel "satisfied Strickland's deferential standard." Harrington v.

- 4 -

Richter, 131 S. Ct. 770, 788 (2011).

Looking first to White's claim that his counsel failed to communicate, he makes only conclusory allegations insufficient to meet the Strickland standard. We thus defer to the Colorado Court of Appeals' reasonable determination that the breakdown in communication was due in large part to White's own non-cooperation. As for the failure-to-investigate claim, the Colorado Court of Appeals held that White did not demonstrate prejudice. White does not show that this conclusion was an unreasonable application of Strickland. To the contrary, the state court's holding was sound; the record demonstrates that the jury was presented with ballistics evidence showing the victims had gunshot residue on their hands—a fact that White's attorney emphasized during closing arguments.

## C

White also attempts to collaterally attack a prior conviction that the prosecution threatened to admit as impeachment evidence if White testified in his own defense. He claims that the prior conviction was marred by ineffective assistance of counsel, and that the trial court's threatened admission of that conviction violated his Due Process rights. White has not cited any authority sanctioning this doubly collateral attack. A habeas petitioner generally cannot attack a prior conviction, even if that conviction is used to enhance the petitioner's sentence. Lackawanna Cnty. Dist. Att'y v. Coss, 532 U.S. 394, 404 (2001) (disallowing collateral attacks based on standard ineffective assistance of

counsel claims). Given that White's prior conviction was only to be used for impeachment, and not sentence-enhancing purposes, we conclude that he is precluded from making his collateral attack.

**D**

White next argues that the jury was inadequately instructed on apparent necessity and self-defense. Specifically, the trial court gave the jury shortened instructions which allegedly implied that the apparent necessity defense was limited to the use of non-deadly force. The Colorado Court of Appeals found the instruction was in error, but that the error was harmless because the jury received separate instructions on the use of physical force and deadly force in relation to self-defense.

In habeas proceedings, we have a limited role in evaluating jury instructions. We only look to determine if instructional errors "had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial in a constitutional sense." Shafer v. Stratton, 906 F.2d 506, 508 (10th Cir. 1990) (quotation omitted). Given that the trial court instructed the jury on the use of deadly force in self-defense, we conclude that White's trial was not rendered fundamentally unfair by the jury instructions.

**E**

White further contends that the trial court failed to properly respond to a juror's complaint. During deliberation, a juror reported to the trial court that he was feeling picked on by the other jurors. The juror specifically noted that he felt he was alone in his

position, and asked the judge to clarify something. The trial court responded that it could not clarify something to a single juror, and that it could only answer questions from the entire jury. The judge then requested the jury return to deliberation. White's counsel subsequently requested a "modified <u>Allen</u> charge" encouraging the jury to work together but also to respect each juror's views. See <u>United States v. McElhiney</u>, 275 F.3d 928, 935 (10th Cir. 2001) ("An <u>Allen</u> instruction is, in effect, a charge given by a trial court that encourages the jury to reach a unanimous verdict so as to avoid a mistrial . . . . An instruction that departs from the pure charge, whether by omission or embellishment, we call a 'modified' <u>Allen</u> instruction."). This request was denied.

White argues that the trial court's refusal to give a modified <u>Allen</u> charge after the juror exchange deprived him of a fair trial. Although an <u>Allen</u> charge can be unconstitutionally coercive under some circumstances, see <u>United States v. Zabrinske</u>, 415 F.3d 1139, 1147-48 (10th Cir. 2005), White has not cited any case where a court has held that the failure to give an <u>Allen</u> charge is a constitutional error. Moreover, there was no jury deadlock, fundamental misunderstanding of the law, or any indication of impropriety. The juror's complaint evinced nothing more than a typical disagreement during deliberations. Accordingly, the trial court was well within its discretion to refuse such an instruction.

**F**

White alleges that the trial court erred in refusing to sever his trial from his co-

defendant Bodashon Wilkins because Wilkins presented an antagonistic defense. The Colorado Court of Appeals, however, concluded that White's theory of self-defense was not in conflict with Wilkins' mistake of fact defense. Questions of joinder are typically matters of state law and do not implicate constitutional questions unless they "result[] in prejudice so great as to deny a defendant his Fifth Amendment right to a fair trial." United States v. Lane, 474 U.S. 438, 446 n.8 (1986). The Colorado courts' conclusion was reasonable, and White thus cannot prevail on this claim.

## G

White claims that several crime scene photographs, admitted to show the position of the victim's bodies, were unconstitutionally prejudicial because the bodies were moved prior to the photograph being taken. The Colorado Court of Appeals refused to address this argument because it had not been raised at trial. See People v. Salazar, 964 P.2d 502, 507 (Colo. 1998) (issues raised for first time on appeal are waived). In accordance with this determination, the district court found this issue procedurally barred because the state court decision rested on independent and adequate procedural grounds. See Beard v. Kindler, 130 S. Ct. 612, 614 (2009).

White points out that the government did not raise the defense of procedural default in its answer. Although he is correct that procedural default is an affirmative defense subject to waiver, see Hooks v. Ward, 184 F.3d 1206 (10th Cir. 1999), district courts are permitted to raise issues of procedural bar sua sponte. See Hardiman v.

Reynolds, 971 F.2d 500, 502 (10th Cir. 1992). In light of the conclusory nature of White's allegation on this point, we conclude that the district court's decision to rule on procedural default grounds was well supported by the interests of comity and judicial efficiency.

**H**

Finally, White argues the district court improperly evaluated his remaining claims of prosecutorial misconduct, insufficient evidence, and cumulative error. On each of these points, he argues that the district court failed to review the record. As we noted above, the district court's order expressly states that it did review the record, and references a plethora of record evidence. We are satisfied that the record was fully reviewed, and White has not shown any error in the district court's denial of these claims.

**III**

Because White has not shown that his petition's merits are debatable, we **DENY** a COA and **DISMISS** the appeal. We **GRANT** White's motion to proceed in forma pauperis.

Entered for the Court

Carlos F. Lucero
Circuit Judge