**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 25, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANTONE LAMANDINGO KNOX,

Petitioner - Appellant,

v.

TOMMY SHARP, Warden,

Respondent - Appellee.

No. 20-7014
(D.C. No. 6:19-CV-00050-RAW-KEW)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Pro se petitioner Antone Knox seeks a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2241 petition. We deny a COA and dismiss the appeal.

**I**

Knox, a state prisoner in the custody of the Oklahoma Department of Corrections ("DOC"), is serving a five-year term of imprisonment for possession of contraband in a state penal institution and a two-year term of imprisonment for assault on a DOC employee. In a prison disciplinary proceeding, he was found guilty

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of "making false allegations." The sanction imposed was "120 visitation," "120 telephone," and "120 canteen."

Knox filed a § 2241 petition asserting that he was wrongfully convicted of making a false complaint pursuant to the Prison Rape Elimination Act and that he is being illegally restrained. The district court denied the petition for several reasons: Knox had not shown that his conviction resulted in a loss of earned credits, he had not exhausted state court remedies, and he failed to make a substantial showing of the denial of a constitutional right. The district court declined to grant a COA. Knox now seeks a COA from this court.

## II

Because Knox proceeds pro se, we "liberally construe his pleadings," Requena v. Roberts, 893 F.3d 1195, 1205 (10th Cir. 2018), but "do not assume the role of advocate," Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quotation omitted). "[A] state prisoner must obtain a COA to appeal the denial of a habeas petition, whether such petition was filed pursuant to § 2254 or § 2241." Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, Knox must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

2

"A threshold question that must be addressed in every habeas case is that of exhaustion." Harris v. Champion, 15 F.3d 1538, 1554 (10th Cir. 1994). Although "no statutory exhaustion requirement applies to petitions filed pursuant to § 2241, it is well-settled that claims raised in § 2241 petitions must be exhausted before a federal court will hear them." Burger v. Scott, 317 F.3d 1133, 1144 n.8 (10th Cir. 2003). The district court dismissed Knox's petition because although he had filed an action in state court relating to the allegedly wrongful disciplinary action, the Oklahoma Court of Criminal Appeals ("OCCA") had not issued a ruling in that case by the time the district court made its ruling in this case.

We take judicial notice of the OCCA's subsequent denial of Knox's requested relief. See Knox v. Fudge, No. REC-2019-388 (Okla. Crim. App. Apr. 9, 2020), https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=REC-2019-388&cmid=126338; Green v. Nottingham, 90 F.3d 415, 418 (10th Cir. 1996) ("[F]ederal courts may take notice of judicial proceedings in other courts if they have a direct relation to matters at issue." (citing St. Louis Baptist Temple, Inc. v. F.D.I.C., 605 F.2d 1169, 1172 (10th Cir. 1979))). Although Knox had not exhausted state court remedies when he filed his habeas petition, we may consider the merits of his claim because he has since done so. See Osborn v. Shillinger, 861 F.2d 612, 616 (10th Cir. 1988) ("An appellate court may give relief if state remedies are exhausted by the time it acts, even if those remedies were not exhausted when the habeas corpus petition was filed." (alteration and quotation omitted)), abrogated on other grounds by Harris v. Reed,

3

489 U.S. 255 (1989), as recognized by Shafer v. Stratton, 906 F.2d 506, 509 (10th Cir. 1990).

We turn to the merits of Knox's claim. "Habeas corpus review is available under § 2241 if one is 'in custody in violation of the Constitution or laws or treaties of the United States.'" McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997) (quoting § 2241(c)(3)). "[A] § 2241 attack on the execution of a sentence may challenge . . . deprivation of good-time credits and other prison disciplinary matters." Id.; see also Brown v. Smith, 828 F.2d 1493, 1495 (10th Cir. 1987). In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court held that prisoners are entitled to due process before being subjected to either an "atypical, significant deprivation in which a State might conceivably create a liberty interest" or a disciplinary action that "inevitably affect[s] the duration of his sentence." Id. at 486, 487.

Knox has not shown that the DOC violated his constitutional rights in connection with his disciplinary proceedings. He does not contend that a due process liberty interest is implicated by the loss of visitation, telephone, or canteen privileges. Nor do such sanctions inevitably affect the duration of a prison sentence. Moreover, as the district court noted, Knox did not "claim his conviction resulted in a loss of earned credits." Although his opening brief on appeal mentions revocation of earned credits, he did not raise this issue below. Accordingly, we do not consider it. See United States v. Viera, 674 F.3d 1214, 1220 (10th Cir. 2012). We conclude that Knox has not made a substantial showing of the denial of a constitutional right.

4

## III

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal.

Entered for the Court


Carlos F. Lucero
Circuit Judge